UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANINE BOUEY,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and CBP OFFICER JANE DOE,<br>                              Defendant(s). | Case No.: 22-cv-442-W-NLS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STRIKE THE COMPLAINT WITHOUT PREJUDICE** |

Pending before the Court is Defendant United States of America's motion to dismiss Plaintiff Janine Bouey's Bane Act claim to the extent it seeks attorneys' fees. (*Mot.* [Doc. 5].) In the alternative, Defendant seeks to strike Plaintiff's demand for attorneys' fees contained in the Prayer for Relief. (*Id.*) Plaintiff opposes both requests. (*Opp'n* [Doc. 6].)

The Court decides the matter on the papers submitted and without oral argument. See Civ. R. 7.1(d)(1). For the following reasons, the Court **DENIES** Defendant's motion to dismiss the Bane Act claim and **GRANTS** Defendant's request to strike the demand for attorneys' fees **WITHOUT PREJUDICE**.

1

## I. BACKGROUND

This case arises from Plaintiff Janine Bouey's return to the United States after a dental appointment in Mexico. (*Compl.* [Doc. 1] ¶ 8.) Plaintiff alleges that while in the custody of Customs and Border Protection ("CBP") officers, she was sexually assaulted and harassed, resulting in physical and mental damages. (*Id.* ¶¶ 29-30.)

Consequently, on April 4, 2022, Plaintiff filed suit against Defendants United States of America and an unknown CBP officer. She alleges four claims against the United States under the Federal Tort Claims Act ("FTCA"): (1) Negligence, (2) Battery, (3) Intentional Infliction of Emotional Distress, and (4) Violation of the Bane Act (Cal. Civ. Code § 52.1). She also alleges a Bivens claim solely against the Doe CBP officer. Plaintiff requests, among other things, compensatory damages for each of her claims and attorneys' fees under her Bane Act claim.

Defendant United States (hereinafter, "Defendant") now moves to dismiss Plaintiff's Bane Act claim to the extent it seeks attorneys' fees because the United States is immune from fee awards in FTCA actions. (*Mot.* at 2.) Alternatively, Defendant seeks to strike Plaintiff's request for attorneys' fees under the Bane Act contained in her Prayer for Relief.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.

375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Rule 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006).

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing with those issues prior to trial. . . ." Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (citation and quotation omitted).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's Bane Act claim to the extent it seeks attorneys' fees. (*Mot.* at 3.) Defendant argues that the Court lacks subject matter jurisdiction to award attorneys' fees because the United States has not waived its sovereign immunity under the Federal Tort Claims Act for recovery of attorneys' fees against the government. (*Id.*) For the same reason, Defendant argues that Plaintiff's Bane Act claim fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). In the alternative, Defendant moves to strike Plaintiff's request for attorneys' fees under the Bane Act.

"The FTCA does not contain an express waiver of sovereign immunity for attorneys' fees and expenses." Anderson v. United States, 127 F.3d 1190, 1191 (9th Cir. 1997). Indeed, "sovereign immunity bars an award of attorneys' fees against the United States unless a statute expressly authorizes such an award." Id. (citation

omitted). In other words, unless the United States waives sovereign immunity, attorneys' fees are not recoverable by simply prevailing in an FTCA action.

Here, Defendant did not waive sovereign immunity under the FTCA for the recovery of attorneys' fees. (*Mot.* at 3.) Thus, Plaintiff is not entitled to attorneys' fees if she simply succeeds on her Bane Act claim.

Plaintiff counters that, regardless of sovereign immunity, she may recover attorneys' fees as a prevailing party in an FTCA action pursuant to the Equal Access to Justice Act ("EAJA"). (*Opp'n* at 1-2.) Plaintiff relies on Lu v. United States, 921 F.3d 850, 862 (9th Cir. 2019) for this proposition. (*Id.*) However, Lu is distinguishable from the present facts. In that case, which spanned over fourteen years and three appeals, the court awarded plaintiffs attorneys' fees under the EAJA because it found that the government acted in bad faith during several stages of the litigation. Lu, 921 F.3d at 854, 861-62. The court did *not* award attorneys' fees simply because plaintiffs prevailed on their FTCA claims. Id. at 861-62.

But that does not mean Plaintiff's Bane Act claim is deficient as a matter of law. After all, Plaintiff requests general, compensatory, and special damages as a result of the Bane Act violation, not just attorneys' fees. Accordingly, Defendant's motion to dismiss Plaintiff's Bane Act claim for lack of subject matter jurisdiction or for failure to state a claim is **DENIED**. On the other hand, Plaintiff's request for attorneys' fees under the Bane Act *is* deficient as a matter of law. See e.g., Olivas v. United States, 2013 WL 1183330, at *6 (S.D. Cal. March 21, 2013). While Plaintiff is not automatically precluded from recovering attorneys' fees in this litigation (see Lu, 921 F.3d at 861-62), she cannot recover fees simply by prevailing on her Bane Act claim. See id. Therefore, Defendant's motion to strike Plaintiff's request for attorneys' fees under the Bane Act is **GRANTED WITHOUT PREJUDICE**.

### IV. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Defendant's motion to dismiss Plaintiff's Bane Act claim and **GRANTS** Defendant's request to strike Plaintiff's demand for attorneys' fees **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated: July 14, 2022

Hon. Thomas J. Whelan
United States District Judge